**Eleanora B. Cobb ROGERS, Plaintiff-Appellant,**

v.

**PEABODY COAL COMPANY, Defendant-Appellee.**

**No. 15855.**

United States Court of Appeals
Sixth Circuit.

March 17, 1965.

Grover C. Cox, Central City, Ky., and John W. Beard, Owensboro, Ky., for appellant.

Morton J. Holbrook, Owensboro, Ky., Sandidge, Holbrook, Craig & Hager, Owensboro, Ky., on brief, for appellee.

Before EDWARDS, Circuit Judge, McALLISTER, Senior Circuit Judge and WEINMAN, District Judge.

PER CURIAM.

This appeal arises out of a summary judgment rendered by the District Court against plaintiff, Eleanora B. Cobb Rogers, Administratrix of the Estate of her late husband, Jim Beckham Cobb. The amended complaint set up an action for wrongful death rising out of the alleged negligence of defendant, Peabody Coal Company (hereinafter sometimes referred to as Peabody). Plaintiff alleges, in substance, that her decedent was employed as a welder by West Kentucky Steel Construction Company (hereinafter referred to as West Kentucky) and that defendant, Peabody, entered into an oral agreement with West Kentucky whereby West Kentucky and Peabody were to construct a ten inch pipeline across approximately two miles of Peabody's property for the purpose of supplying water for the washing of coal. The pipeline was not to be buried, but was to rest on crossties on the surface of the ground. Under the agreement, West Kentucky was to furnish the labor and the equipment. Peabody was to furnish all the pipe, welding rods and all the railroad crossties on which the pipeline was to be placed. Defendant was also to select and prepare the right-of-way over which the pipeline was to be laid by West Kentucky and all the work done in compliance with the contract was to be under the supervision and control of defendant.

Plaintiff also alleges that the construction of the pipeline was the joint undertaking of defendant, Peabody, and West Kentucky, though the latter company was not made a party to this action.

On the day plaintiff's intestate was injured, he was working on the pipeline doing "back-up" welding, i. e., placing the second and third (final) welds on the pipe joints. He was underneath the pipeline which was suspended in the air on crossties when two joints of pipe, weighing a total of approximately two thousand pounds, fell upon him. He lay in that condition for approximately one and one-half hours before he was discovered by Walter Woolsey, one of the partners of West Kentucky. He died two days later as a result of the injuries received in this accident.

Plaintiff has alleged a number of specifications of negligence on behalf of defendant, including to wit: failure to provide safe working conditions, creating a dangerous condition because of the manner in which the work was required to be completed; failure to select a route for the right-of-way which would be safe; failure to provide the proper type of supports upon which the pipe was to be laid; and failure to provide the necessary safety measures, which included the presence of one of defendant's safety officers at all times when any work was being performed on the pipeline.

The question before this Court is whether the District Court committed error by granting defendant's motion for summary judgment. Rule 56(c) provides:

"* * * [t]he [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * "

It is clear that where a moving party supports his motion for summary judgment by appropriate means, which are uncontroverted, the trial judge is fully justified in granting relief thereon. However, it is further clear that summary judgment should be granted with caution and only where the movant has established the nonexistence of any genuine issue of fact. That showing made must be construed in the light most favorable to the party opposing the summary judgment and that party should be accorded all favorable inferences that may be deduced from the showing. The reason for this being that a party should not be deprived of an adequate opportunity to fully develop his case by witnesses in a trial where the issues involved make such procedure the appropriate one. S. J. Groves & Sons Company v. Ohio Turnpike Commission, 315 F.2d 235, 237 (6 Cir. 1963) and cases cited therein.

Summary judgment should be granted only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is and no genuine issue of fact remains for trial. The purpose of the rule is not to cut litigants off from the right to trial by jury if they really have issues to try. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944).

In the instant case, plaintiff seeks recovery based upon defendant's alleged negligence. This Court has previously noted that there is eminent authority in support of the proposition that issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner. Aetna Insurance Company v. Cooper Wells & Company, 234 F.2d 342, 344 (6 Cir. 1956), citing 6 Moore's Federal Practice (2d ed.) § 56.17 [42] at p. 2232 and cases cited at note 4 therein.

It is only in the exceptional negligence case that the rule should be invoked. Furlong v. Stichman, 24 F.R.D. 400 (D.C. S.D.N.Y.1959). And even where the trial judge reasonably may surmise that plaintiff is unlikely to prevail upon a trial, that is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them. Harl v. Acacia Mutual Life Insurance Company, 115 U.S.App.D.C. 166, 317 F.2d 577, 580 (1963) citing with approval Sprague v. Vogt, 150 F.2d 795, 801 (8 Cir. 1945).

We are of the opinion that this case requires a full inquiry into the facts under the usual trial procedure. From the record before us we cannot say that it is clear that "there is no genuine issue as to any material fact." Accordingly, the judgment entered below is vacated and the case is remanded for proceedings consistent with this opinion.