Eleanora B. Cobb **ROGERS**, Widow and Administratrix of the Estate of Jim Beckham Cobb, Deceased, Plaintiff-Appellant,

v.

**PEABODY COAL COMPANY**, Defendant-Appellee.

No. 16972.

United States Court of Appeals Sixth Circuit.

Dec. 23, 1966.

Grover C. Cox, Central City, Ky., and John W. Beard, Owensboro, Ky., for appellant.

Morton Holbrook, Sandidge, Holbrook, Craig & Hager, Owensboro, Ky., for appellee.

Before WEICK, Chief Judge, and PHILLIPS and PECK, Circuit Judges.

PER CURIAM.

Plaintiff-appellant's decedent met his death while doing construction work on defendant-appellee's premises as the employee of a third party. Said third party had under agreement with the defendant-appellee undertaken the installation of a major pipeline on which plaintiff-appellant's decedent was working as a welder when the fatal accident occurred.

At trial the District Judge sustained a motion for a directed verdict in its favor made by defendant-appellee at the close of plaintiff-appellant's case on the ground that as a matter of law no cause of action against the defendant-appellee had been established, and judgment for the defendant-appellee was entered. On this appeal from that judgment it is determined that the District Judge did not err in sustaining the motion for a directed verdict and the judgment is affirmed.

It will be observed that plaintiff-appellant has in effect had two opportunities to attempt to establish liability on the part of this defendant-appellee, an earlier judgment in its favor on its motion for summary judgment having been vacated and the cause remanded. Rogers v. Peabody Coal Company, 342 F.2d 749 (6th Cir. 1965).