Moses **DUNKLEY**, Plaintiff,

v.

**Killis W. THAXTON, Ola D. Thaxton, Ernest Thaxton, Jr., Thomas Thaxton**, Defendants.

Civ. A. No. 66–C–21–D.

United States District Court
W. D. Virginia,
Danville Division.

Sept. 20, 1967.

McLaughlin & McLaughlin, Halifax, Va., for Moses Dunkley.

Robert T. Vaughan, Easley, Vaughan & Slayton, South Boston, Va., for Killis W. Thaxton.

Allan Garrett, Garrett, Garrett & Smith, Danville, Va., for Federated Mutual Implement and Hardware Insurance Co.

Joseph M. Winston, Jr., Clement, Wheatley & Winston, Danville, Va., for the United States Fidelity & Guaranty Co.

## OPINION and JUDGMENT

DALTON, Chief Judge.

The plaintiff has sued the defendants for negligence. The case comes before the court on a motion for summary judgment by Killis W. Thaxton, hereinafter defendant K. W. Thaxton, and on a motion to dismiss for failure to state a claim on which relief can be granted by defendant K. W. Thaxton and three co-defendants. The jurisdictional requirements of diversity of citizenship and amount in controversy have been met.

The facts surrounding this action are as follows:

In 1958 at the death of one Ernest Thaxton, K. W. Thaxton became a one-fourth owner as a tenant in common in equal shares of a section of property near South Boston, Virginia, with three other people, Ola Thaxton, Ernest Thaxton, Jr., and Thomas Thaxton. Subsequently, K. W. Thaxton made an agreement with the three other co-owners, hereinafter defendant co-owners, to either lease one of the buildings in that section or to operate the premises as their agent. There is disagreement as to this point. The plaintiff entered into control and began operating a grocery store on the ground floor and apartments on the second floor. The apartments were rented to members of the public. In October, 1965, one Moses Dunkley, hereinafter plaintiff, began renting one of the rooms on the second floor from defendant K. W. Thaxton. Plaintiff continued to occupy the room until the night of March 7, 1966. On that date the plaintiff while using an outside entrance to his upstairs apartment slipped on the stairs and fell through the railing injuring himself. The plaintiff then brought this suit against the defendant K. W. Thaxton for negligence and on motion of the defendant K. W. Thaxton the three other co-owners were joined as defendants.

The plaintiff alleges that the defendant K. W. Thaxton operated the apartments and premises in question as a lessee of the four owners or in the alternative as their agent. The plaintiff claims that the hazardous condition on the steps of the entrance in question was caused by the defendant K. W. Thaxton's negligence. All the defendants maintain that plaintiff was contributorily negligent and assumed the risk that such accident might occur and that the defendant K. W. Thaxton did not operate the rooming house as an agent of the defendant co-owners.

There have been two motions filed in this action that must be ruled upon. First, the defendant K. W. Thaxton has filed a motion for summary judgment claiming that the plaintiff's pleadings and discovery deposition fail to make out a genuine issue as to defendant K. W. Thaxton's alleged negligence. The de-

fendant K. W. Thaxton also claims that plaintiff's deposition shows conclusively that plaintiff was contributorily negligent and that he assumed the risk that an accident might occur. He thus asserts that he is entitled to a judgment as a matter of law.

The court upon examination of the pleadings, depositions and affidavits finds that there are several triable issues of material fact and that therefore the motion must be denied.

■ As to defendant K. W. Thaxton's contention that the plaintiff's pleadings and depositions do not show any negligence on the part of the defendant K. W. Thaxton but indicate a lack of it, we find otherwise. The plaintiff stated in his deposition that as he opened the door to the upstairs apartment he slipped and having only a slack chain to support him he fell through the railing. In his affidavit he stated,

"and in attempting to regain my balance [I] reached out in the darkness for support and grabbed a chain * * * This chain was insufficient to give me support and did not provide sufficient stability to permit me to regain my balance or to keep from falling. On the contrary the chain contributed to my loss of balance, did not support me and by virtue of the low position and instability of the chain I was not able to regain my balance and fell * * *."

In view of this and other evidence, we think a jury may well find that the defendant K. W. Thaxton was negligent in providing this particular stairway railing support.

As to the questions of contributory negligence and assumption of the risk, plaintiff's statements in the deposition and affidavits and other evidence shows that there is a triable issue of fact as to both contributory negligence and assumption of the risk. It is stated in the plaintiff's deposition:

Q. When you went up the steps, you felt your way and kept your hand on the wall constantly?

A. Yes.

Q. Why did you do that?

A. There was no light back there. I wanted to make sure I didn't fall.

Q. When you went up the steps, had you slipped going up?

A. No, I didn't.

Q. Did you feel secure?

A. I went right up against the wall.

Q. Did your feet slip?

A. Not as I know of. I know when dew fell or it rained I was careful.

Q. You felt these steps might be slick. That's why you went up the wall?

A. Yes.

Q. You felt the landing might be slick?

A. Yes.

In plaintiff's affidavit it is stated that "after having carefully ascended the outside stairway * * * I exercised due caution in preparing to open the entrance door leading to the upstairs apartment [and] * * * because of the slippery condition of the outside entrance [I] did slip and lose my balance * * *." There is evidence that the plaintiff had previously used the same entrance on numerous occasions and that at the time of the accident the entrance used was the only one available. This and additional evidence we find is sufficient to pierce the allegations in defendant's pleadings and show that there is question of material fact for the jury.

In a recent case involving a suit for negligence for the landlord's failure to clean snow from a common walkway controlled by the defendant, Langhorne Rd. Apartments, Inc. v. Bisson, 207 Va. 474, 150 S.E.2d 540 (1966) the Supreme Court of Virginia held that it was for the jury to decide the questions of contributory negligence and assumption of the risk. There the plaintiff testified that even though he was aware that the sidewalk "was slick" he "was watching where [he] was going," being "pretty careful to avoid a fall if possible" and walking "a little slower than [he] normally

[walked] due to the grade to the sidewalk and the fact it might be slippery." The court said: "From this testimony and all of the surrounding circumstances of the case, it was for the jury to say whether the plaintiff assumed the risk or was guilty of contributory negligence." 150 S.E.2d at 544.

■ This court accordingly finds that not only the questions of contributory negligence and assumption of the risk are for the jury but also the question of negligence. The denial of defendant K. W. Thaxton's motion is supported by the numerous cases which hold that normally such issues as negligence, contributory negligence and assumption of the risk are questions for the jury. Pierce v. Ford Motor Co., 190 F.2d 910 (4th Cir. 1951); St. John v. New Amsterdam Cas. Co., 357 F.2d 327 (5th Cir. 1966) and cases cited therein; Rogers v. Peabody Coal Co., 342 F.2d 749 (6th Cir. 1965).

In Rogers, supra, the court said:

"Summary judgment should be granted only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is and no genuine issue of fact remains for trial. The purpose of the rule is not to cut litigants off from the right to trial by jury if they really have issues to try. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944)." 342 F.2d at 751.

Issues of fact here remain for trial and the motion must be denied.

The second motion was made by the defendant K. W. Thaxton and the defendant co-owners to dismiss the action for failure to state a claim on which relief can be granted. The defendant K. W. Thaxton joined in the motion in order to avoid any liability as one of the owners.

The plaintiff claims that the defendant K. W. Thaxton operated the premises in question as an agent of all the owners or in the alternative as their lessee. The defendants contend that they could not be in any way found liable in their capacity as owners of the premises.

■ The test as previously established for a court to apply in determining whether to grant this motion was endorsed in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) where the Court said:

"In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S.Ct. at 102.

This test was earlier applied in Tahir Erk v. Glenn L. Martin Co., 116 F.2d 865 (4th Cir. 1941) and numerous other cases. See 1A Barron & Holtzoff, Federal Practice and Procedure § 356 at 361 (1960). Professor Moore in citing De Loach v. Crowleys, Inc., 128 F.2d 378 (5th Cir. 1942) states that:

" 'A complaint may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim.' But a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" 2A Moore, Federal Practice § 12.08, at 2245 (2nd ed. 1967).

As above stated plaintiff claims that the defendant K. W. Thaxton operated the premises in question as an agent or in the alternative as a lessee of the all four co-owners. Since the defendant K. W. Thaxton is one of the four co-owners this presents the anomalous situation where the defendant K. W. Thaxton is claimed to be an agent and principal at the same time in the same transaction. This conflict need not be resolved at this time, however, since the court only has

to determine on this motion the sufficiency of the complaint.

We find that the motion to dismiss for failure to state a claim must be denied because it does not appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.

■ First of all plaintiff alleged that the defendant K. W. Thaxton operated the premises as a lessee of all the owners. He also alleged in his amended complaint that the defendant K. W. Thaxton's negligence caused the injury. His complaint states: "As a result of the hazardous condition of said night entrance caused by the negligence of Killis W. Thaxton, * * * plaintiff fell from said stairway and * * * was severely injured. * * * " If the defendant K. W. Thaxton is found to be negligent as alleged by the plaintiff, it is doubtful that the plaintiff would be entitled to recover from the owners if the defendant K. W. Thaxton is found to be a lessee. Ordinarily, a landlord is not liable to a subtenant for injuries caused by the negligence of the tenant.

■ The plaintiff, however, may be entitled to relief if he can establish an agency relationship. Given an opportunity he may be able to prove a state of facts which would show that an agency relationship existed between the defendant K. W. Thaxton and the other owners. If he does, then he may prove a state of facts in support of his claim for negligence that would possibly entitle him to recover from the owners. The conflict caused by the defendant K. W. Thaxton's being both a principal and an agent simultaneously in the same transaction and, therefore, being subject to double liability would then have to be resolved. The point is that the motion to dismiss for failure to state a claim on which relief can be granted must be denied as long as there is a possibility that the plaintiff will recover. Melo-Sonica Corp. v. Cropp, 342 F.2d 856 (3rd Cir. 1965; Thomason v. Hospital T.V. Rentals, Inc., 272 F.2d 263 (8th Cir. 1959) and see 1A Barron & Holtzoff, Federal Practice and Procedure § 356 at 360 (1960). The complaint must be considered in the light most favorable to plaintiff, *Tahir Erk,* supra, and in view of the plaintiff's possibility of recovering from the owners on an agency basis, the motion to dismiss must be denied.

It is therefore adjudged and ordered that both the motion for summary judgment and the motion to dismiss for failure to state a claim on which relief can be granted be denied.