**Achee BAILEY et al., Plaintiffs-Appellants,**

v.

**AMERICAN TOBACCO COMPANY et al., Defendants-Appellees.**

**No. 71–1902.**

United States Court of Appeals, Sixth Circuit.

June 16, 1972.

---

William L. Robinson, New York City, for plaintiffs-appellants; Neville Tucker, Louisville, Ky., on brief.

Kennedy Helm, Jr., Ralph H. Logan, Herbert L. Segal, Louisville, Ky., for defendants-appellees; Stites & McElwain, Louisville, Ky., on brief for American Tobacco Co.; John Frith Stewart, Irwin H. Cutler, Jr., Segal, Isenberg, Sales & Stewart, Louisville, Ky., on brief for Tobacco Workers Intl. Union Local No. 247; Hardy, Logan & Hastings, Louisville, Ky., on brief for General Drivers, Warehousemen and Helpers, Local Union No. 89.

Before PHILLIPS, Chief Judge, EDWARDS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

This Title VII[1] complaint was dismissed on motion for summary judgment by the defendants. The plaintiffs were former employees of the Leaf Division of American Tobacco Company. It is their contention that as a result of historic segregation and departmental seniority, they were deprived of their opportunity to exercise plant-wide seniority when the American Tobacco Company's Leaf Plant Division closed.

It appears that shortly subsequent thereto the other operations of the American Tobacco Company in Louisville closed also. Thus this complaint may apply, if at all, to a relatively brief period of time in terms of claim for back wages or damages. Nonetheless, it does not appear that the case is moot.

After filing of the complaint defendants filed motions for summary judgment and affidavits in support of them, and plaintiffs responded with counter-affidavits. Subsequently defendants filed Requests for Admission of Facts, to which plaintiffs responded. By this means a detailed factual background of the case was established and the issues were narrowed. The District Judge apparently felt they were narrowed to the vanishing point. However, we are compelled to disagree.

It appears clear to this court that plaintiffs' complaint was directed to attacking a departmental seniority system agreed upon in 1953 between defendant company and defendant's unions on the grounds that said seniority system although fair on its face, operated to pre-

---

In the aggregate, the Trustees disbursed to creditors, secured and unsecured, out of Trustees' funds, a total sum amounting to $1,100,505.45. All of the issued and outstanding stock certificates of the Debtor corporation were delivered to the Trustees and turned over by them to the reorganized company for cancellation.

Control of operations and management were turned over by the Trustees to the reorganized company, which has been in charge and control of operations since 7:00 P.M. on December 31, 1971, when closing was completed." (Appellee's Brief, pp. 28–29).

1. 42 U.S.C. § 2000e–2 (1970).

serve the effects of long-standing job segregation and discrimination by race. The complaints recited in part:

Under and pursuant to the terms of the aforementioned agreements, the defendants have established a promotional and seniority system, the design, intent and purpose of which is to continue and preserve and which has the effect of continuing and preserving, the defendants, policy, practice, custom and usage of limiting the employment and promotional opportunity of Negro employees of the Company because of race or color.

■ It is clear that a present nondiscriminatory seniority provision, which has no race discrimination features on its face, may nonetheless be a violation of the Equal Employment Opportunities Act if it serves to preserve the long-standing effect of past race discrimination. United States v. I. B. E. W. Local 38, 428 F.2d 144 (6th Cir.), cert. denied, 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970).

In the *Duke Power* case the Supreme Court underlined the business necessity standard required to be applied in Title VII cases:

The Act proscribes not only overt discrimination but also practices that are fair in form, but discriminatory in operation. The touchstone is business necessity. If an employment practice which operates to exclude Negroes cannot be shown to be related to job performance, the practice is prohibited. Griggs v. Duke Power Co., 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971).

In a case which appears closely to resemble the facts of this case as plaintiffs assert them to be, the Tenth Circuit held for complainants. Jones v. Lee Way Freight, Inc., 431 F.2d 245 (10th Cir. 1970), cert. denied, 401 U.S. 954, 91 S.Ct. 972, 28 L.Ed.2d 237 (1971).

■ On review of this record, it appears to this court that plaintiffs' counsel carefully preserved his right to try the disputed questions as to 1) whether there was past racial discrimination and segregation, and 2) whether the disputed seniority agreement had the effect of preserving and continuing the same. His questions addressed to the company manager were clearly pertinent to these issues and must be answered.

Rule 56(c) of the Federal Rules of Civil Procedure provides in relation to summary judgment:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ Where there are disputed facts, however, summary judgment is clearly inappropriate. Rogers v. Peabody Coal Co., 342 F.2d 749 (6th Cir. 1965); Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed. 2d 458 (1962).

■ At this point in the development of a record, we perceive no reason why this action should not proceed as a class action under Fed.R.Civ.P. 23.

The judgment is vacated and the case is remanded for further proceedings in accordance with this opinion.