Raymond Albert **KLAUSING**, Plaintiff,

v.

**WHIRLPOOL CORPORATION**, Defendant.

No. C–2–82–100.

United States District Court, S.D. Ohio, E.D.

June 25, 1985.

---

**3.** Although this case was filed in 1974, it was not transferred to this court's docket until October 12, 1978.

Thomas Twyford and Paul Bodycomb, Columbus, Ohio, for plaintiff.

G. Roger King of Bricker & Eckler, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

HOLSCHUH, District Judge.

This case is before the Court on defendant's motion for partial summary judgment on count one of the complaint.

### I.

On January 28, 1982, plaintiff Raymond Albert Klausing filed this suit against defendant Whirlpool Corporation. The complaint alleged two violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

On February 19, 1982, defendant Whirlpool filed a timely answer to count two of the complaint and a motion to dismiss

count one of the complaint. Plaintiff filed a memorandum *contra* the motion to dismiss on March 19, 1982. Defendant obtained an extension of time to file a reply memorandum on April 15, 1982. Shortly thereafter, on April 22, 1982, plaintiff filed the affidavit of Raymond Klausing. On May 26, 1982, defendant filed a reply memorandum in support of the motion to dismiss.

On October 15, 1982, plaintiff filed a "motion" requesting leave of Court to file a memorandum "supplementing and clarifying" the previously filed memorandum *contra* defendant's motion to dismiss. On the same date, plaintiff filed a first amended complaint.

On November 10, 1982, defendant filed a "response to 'plaintiff's supplemental memorandum *contra*' and attempt to file an amended complaint." In that response, defendant vigorously challenged the propriety of both of plaintiff's filings on October 15, 1982. Plaintiff filed an untimely "reply to defendant's response" to the motion to supplement on November 24, 1982.

On November 24, 1982, plaintiff filed a motion for a default judgment on count one of the first amended complaint pursuant to Fed.R.Civ.P. 55. Plaintiff argued that default was appropriate because defendant failed to file a responsive pleading to the first amended complaint. On December 6, 1982, defendant filed a timely memorandum *contra* plaintiff's motion for default that again challenged the filing of the first amended complaint. On December 23, 1982, plaintiff filed a reply memorandum in support of the motion for default judgment.

In a Memorandum and Order issued March 18, 1983, the Court found that plaintiff's first amended complaint was properly before the Court, however, the Court denied plaintiff's motion for a default judgment. Defendant was ordered to plead or otherwise respond to the first amended complaint within ten days from the date of the Memorandum and Order. The Court's March 18, 1983 decision effectively mooted defendant's motion to dismiss and plaintiff's motion to supplement and clarify the memorandum *contra* defendant's motion to dismiss.

On March 28, 1983, defendants filed an answer to the first amended complaint.

On April 4, 2983, plaintiff filed a motion to permit Paul A. Bodycombe to appear and participate as counsel *pro haec vice* [sic].

On May 23, 1983, defendant filed a motion for partial summary judgment pursuant to Fed.R.Civ.P. 56 on count one of the first amended complaint. On July 6, 1983, plaintiff filed an untimely memorandum *contra* the motion for summary judgment. After obtaining an extension of time from the Court, defendant filed a reply memorandum on August 5, 1983.

## II.

Plaintiff's unopposed motion to permit Paul A. Bodycombe to appear and participate as counsel *pro hac vice* is GRANTED.

## III.

Defendant moves for partial summary judgment on count one of the complaint on the ground that plaintiff's cause of action under the Age Discrimination Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), for a demotion that occurred on April 1, 1977, is barred by the applicable limitations period. Defendant contends that plaintiff failed to comply with 29 U.S.C. § 626(d)(1) by not filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged act of discrimination, so that this court does not have jurisdiction of the claim set forth in count one. Defendant also contends that this action is barred by the statutes of limitations for ADEA actions, which are two years for non-willful violations and three years for willful violations. 29 U.S.C. §§ 626, 255(a). Since plaintiff's suit was not filed until January 28, 1982, nearly five years after the allegedly discriminatory demotion, defendant contends it is time-barred by the statute of limitations.

In response to defendant's motion for summary judgment, plaintiff concedes that the charge was not filed with the EEOC within 180 days of the allegedly discriminatory demotion of April 1, 1977. Plaintiff also concedes that the suit filed on January 18, 1982, is beyond either the two or three year statute of limitations applicable to ADEA actions. (Plaintiff's memorandum *contra* defendant's motion for partial summary judgment at p. 4.) Plaintiff argues, however, that the 180 day requirement of section 626(d)(1) is tolled by equitable considerations, as are the applicable limitations periods.

### A.

Rule 56(c) of the Federal Rules of Civil Procedure provides in part:.

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The purpose of the summary judgment procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir.1978); *Felix v. Young*, 536 F.2d 1126, 1130 (6th Cir.1976); *United States v. Articles of Device, Consisting of Three Devices ... "Diapulse"*, 527 F.2d 1008, 1011 (6th Cir.1976); *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir.1962). Therefore, summary judgment should be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, [and where] no genuine issue remains for trial, [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944). *Accord Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *Associated Press v. United States*, 326 U.S. 1, 6, 65 S.Ct. 1416, 1418, 89 L.Ed. 2013 (1945); *Rogers v. Peabody Coal Co.*, 342 F.2d 749, 751 (6th Cir.1965).

Although summary judgment should be cautiously invoked, nonetheless it is often proper. "Summary judgment is a useful procedure for reaching the merits of a case short of conducting a full-blown trial." *Felix v. Young*, 536 F.2d 1126, 1130 (6th Cir.1976). "If the record evidence is not disputed as to any material fact, the case should be decided as a matter of law rather than submitted to the jury." *Bouldis v. U.S. Suzuki Motor Corp.*, 711 F.2d 1319, 1324 (6th Cir.1983). When the facts are undisputed, when pure questions of law are at issue, and when the plaintiff has had full opportunity to be heard on those legal issues, summary judgment is proper even though the legal issues are difficult. *Kentucky Rural Elec. Coop. Corp. v. Moloney Elec. Co.*, 282 F.2d 481, 483–84 (6th Cir.), *cert. denied*, 365 U.S. 812, 81 S.Ct. 692, 5 L.Ed.2d 691 (1960). When the moving party has met its burden, summary judgment should be granted. *Rogers v. Peabody Coal Co.*, 342 F.2d 749, 751 (6th Cir.1965).

"[T]he question whether summary judgment is appropriate in any case is one to be decided upon the particular facts of that case...." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 259, 88 S.Ct. 1575, 1577, 20 L.Ed.2d 569 (1968). The moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged will be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (footnote omitted). *Accord Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 472, 82 S.Ct. 486, 490, 7 L.Ed.2d 458 (1962); *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Rogers v. Peabody Coal Co.*, 342 F.2d 749, 751 (6th Cir.1965). Similarly, "inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the

party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). *Accord Watkins v. Northwestern Ohio Tractor Pullers Assoc., Inc.*, 630 F.2d 1155, 1158 (6th Cir.1980); *United States v. Articles of Device Consisting of Three Devices ... "Diapulse"*, 527 F.2d 1008, 1011 (6th Cir.1976); *Rogers v. Peabody Coal Co.*, 342 F.2d 749, 751 (6th Cir.1965). "Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated." *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir.1962). *Accord Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

Additionally, Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Under Rule 56(e), "a party cannot rest on the allegations contained in his complaint in opposition to a properly supported motion for summary judgment against him." *First National Bank v. Cities Service Co.*, 391 U.S. 253, 259, 88 S.Ct. 1575, 1577, 20 L.Ed.2d 569 (1968) (footnote omitted). The Sixth Circuit has held that

> where a moving party supports his motion for summary judgment by affidavit or other appropriate means, which are uncontroverted, a trial court is fully justified, within the purview of Rule 56 of the Federal Rules of Civil Procedure in granting relief thereon.

*Williams v. Baltimore & O.R.R.*, 303 F.2d 323, 324 (6th Cir.1962). *Accord R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975); *Daily Press, Inc. v. United Press International*, 412 F.2d 126, 134 (6th Cir.), *cert. denied*, 396 U.S. 990, 90 S.Ct. 480, 24 L.Ed.2d 453 (1969).

The uncontroverted facts, however, must conclusively negate the existence of a genuine issue of material fact and establish the moving party's entitlement to judgment. If evidence in support of a motion for summary judgment does not establish a lack of a genuine issue of material fact and conclusively support the moving party's entitlement to judgment, summary judgment is not proper even if no opposing material is presented; "unexplained gaps" in material submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 157–60, 90 S.Ct. 1598, 1608–10, 26 L.Ed.2d 142 (1970); *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir.), *cert. dismissed*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Fitzke v. Shappell*, 468 F.2d 1072, 1077–78 (6th Cir.1972).

### B.

In the case at bar, plaintiff contends that he was unable to comply with the 180 day charging requirement set forth in section 626(d) of the ADEA because the defendant fraudulently concealed the reasons for plaintiff's demotion. It is clear under the Sixth Circuit's decisions in *Wright v. State of Tennessee*, 628 F.2d 949 (6th Cir. 1980) (en banc), and *Ott v. Midland-Ross Corp.*, 600 F.2d 24 (6th Cir.1979), that the 180 day charging requirement is subject to equitable tolling. Of course, statutes of limitations, such as the three year limitations period for willful violations of the ADEA, 29 U.S.C. § 255, are also subject to equitable tolling. *Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527 (11th Cir.), *cert. denied*, 464 U.S. 982, 104 S.Ct. 425, 78 L.Ed.2d 360 (1983); *Ott v. Midland-Ross, supra*.

In the present case, plaintiff alleges that Whirlpool fraudulently refused to inform him of the reasons for his demotion so that the statute of limitations and the 180 day charging requirement are tolled until he obtained actual knowledge sufficient to

prove his suspicion of age discrimination. Plaintiff also introduces evidence that Whirlpool failed to post the notice required by the ADEA at its Detroit plant. Plaintiff contends that his cause of action for the April 1, 1977 demotion did not accrue until he was informed by another Whirlpool employee who had prevailed on an ADEA claim against Whirlpool of *actual* evidence of age discrimination against Klausing. Thus, plaintiff argues that these facts at least create a jury question concerning when his cause of action accrued, or at most show that Whirlpool engaged in a pattern of fraudulent conduct that estops defendant from asserting the limitations period as a defense.

The present state of the record reveals a genuine issue of material fact exists with regard to when the 180 day charging period began to run for the April 1, 1977 demotion. There is an issue of fact with regard to this period only because of plaintiff's testimony that no notices were posted in the Detroit plant as required by section 627 of the ADEA. While mere ignorance of the requirements of section 626(d) will not by itself justify tolling the 180 day charging period, *see Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 193 (3d Cir.), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978), ignorance that is partly attributable to the employer's failure to comply with its statutory obligation to post conspicuous notice mandates tolling of the charging requirement until the plaintiff acquires actual knowledge of the 180 day charging requirement. *Pirone v. Home Ins. Co.*, 507 F.Supp. 1281 (S.D.N.Y.1981), *aff'd*, 742 F.2d 1430 (2d Cir.1983). Although the relevance of lack of the posting of a notice in the Detroit plant to a suit involving a Columbus based employee who worked from his home is tenuous, the Court finds that it is sufficient to create a genuine issue of material fact concerning plaintiff's knowledge of the 180 day charging requirement.

Although the 180 day charging requirement may be tolled because of defendant's alleged failure to post the section 627

notices in the Detroit plant, whether the statute of limitations for a cause of action under the ADEA should be tolled presents a different question. Taking as true plaintiff's allegation that defendant engaged in a willful violation of the ADEA so that the three year limitations period is the appropriate statute, plaintiff's cause of action filed on January 28, 1982, comes almost five years after the April 1, 1977 demotion that is the focus of count one of the complaint. Plaintiff alleges that the 1977 demotion is merely part of a "continuing violation," however, the Court is convinced that it is not the type of continuing violation contemplated by *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). As Judge Kennedy held in *Marshall v. American Motors Corp.*, 475 F.Supp. 875 (E.D.Mich.1979), "... although some effects may still exist as the result of discriminatory discharges or *demotions*, if there is a reasonably ascertainable date on which the act occurred, that is the day on which the statute began to run." *Marshall*, 475 F.Supp. at 884. Consequently, the Court finds that for the purposes of the statute of limitations, plaintiff's cause of action accrued on April 1, 1977.

Given that plaintiff's cause of action for count one arose on April 1, 1977, the Court must determine whether the facts alleged by plaintiff mandate equitable tolling of the statute of limitations. Even though the Court found that a genuine issue existed as to when plaintiff became aware of the 180 day charging requirement of the ADEA, different considerations are implicated when considering whether equity mandates tolling of a statute of limitations. *See Kazanzas v. Walt Disney World*, 704 F.2d 1527. The *Kazanzas* court recognized that as a general rule ignorance of legal rights or a failure to seek legal advice does not toll a statute of limitations. *Kazanzas*, 704 F.2d at 1530 (quoting *Quina v. Owens-Corning Fiberglas Corp.*, 575 F.2d 1115, 1118 (5th Cir. 1978)). Thus, in *Kazanzas* the court of appeals found that the statute of limita-

tions is not tolled by an employer's failure to post the notices required by section 627 since the notice does not mention the two or three year limitations period.

■ Plaintiff claims that Whirlpool fraudulently deceived him concerning the grounds for his demotion by not providing him with the *specific* reason for his demotion in 1977 when he doggedly pursued an answer to that question. It is clear from the record, and plaintiff candidly admits, that he at least suspected that he was demoted because of his age. (*See* plaintiff's memorandum contra to defendant Whirlpool Corporation [sic] motion for partial summary judgment at p. 4.) Furthermore, the failure to tell plaintiff that he was demoted because of his age is not the type of deception or fraud that operates to toll the limitations period. Plaintiff's reliance on cases like *Ott v. Midland-Ross* and *Marshall v. American Motors* is misplaced. Those cases involve active fraud and blatant misrepresentation by defendant employers to induce the plaintiff not to file a claim for age discrimination. There is no evidence, and no question of fact is raised on the present state of the record, that defendant Whirlpool engaged in any kind of misrepresentation sufficient to toll the limitations period. Accordingly, the court finds that the three year limitations period for charges of willful violations of the ADEA is not tolled in the present case, so that plaintiff's action on count one is barred by the statute of limitations.

WHEREUPON, defendant's motion for partial summary judgment on count one of the complaint is GRANTED.

IT IS SO ORDERED.