**In re Mary Shannon WHELAN, Debtor.**

**Joseph E. ROSE, Trustee, Plaintiff,**

v.

**John Douglas HUBBARD, James England, Defendants.**

Bankruptcy No. 3–85–01239.
Adv. No. 3–87–0065(2).

United States Bankruptcy Court,
W.D. Kentucky.

Dec. 29, 1987.

J. Michael Whelan, Hodgenville, Ky., for defendants.

Joseph E. Rose, Louisville, Ky., Trustee.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This case is before the Court on crossmotions of the plaintiff and defendants for summary judgment, pursuant to Fed.R.Civ. Proc. 56 and Fed.R.Bankr.Proc. 7056. The plaintiff and defendants have filed memoranda in support of their respective positions. The Court has reviewed the memoranda, as well as the pleadings of the parties, depositions and exhibits. There are no genuine issues of material fact and, therefore, summary judgment is appropriate. *Rogers v. Peabody Coal Co.,* 342 F.2d 749 (6th Cir.1965); *Bailey v. American Tobacco Co.,* 462 F.2d 160 (6th Cir.1972); *Bryant*

*v. Commonwealth of Kentucky,* 490 F.2d 1273 (6th Cir.1974).

On September 20, 1969, J. Michael Whelan and his wife, Shannon Whelan, purchased a house and lot in Larue County, Kentucky. The property was conveyed to them for their joint lives with remainder in fee simple to the survivor of them. They occupied the property as their marital home until early 1984 when they separated.

Soon after the separation, J. Michael Whelan granted two mortgages on his interest in the residence, both mortgages being dated February 17, 1984. The first of the two mortgages was in favor of James E. England in the sum of $16,000.00 and was recorded on February 22, 1984 in the Larue County Clerk's office. The second of the two mortgages was in favor of John Douglas Hubbard in the sum of $9,000.00 and was recorded on February 23, 1984.

J. Michael Whelan paid $5,000.00 on the note to England on May 25, 1984. The marriage of J. Michael Whelan and Shannon Whelan was dissolved by a decree of the Larue Circuit Court on August 23, 1984. The trial court found as a fact that the residence of the parties had a value of $50,250.00, that J. Michael Whelan had mortgaged his interest in the residence to James E. England to secure a note in the principal sum of $16,000.00 with a balance due of $11,000.00, and that J. Michael Whelan had mortgaged his interest in the residence to John Douglas Hubbard to secure a note in the sum of $9,000.00. The court awarded the residence to Shannon Whelan and further ordered J. Michael Whelan to "assume and hold Shannon harmless for all marital and business debts and mortgages, including the mortgages and/or liens on the marital residence."

Subsequent to divorce, J. Michael Whelan borrowed an additional $5,000.00 from James E. England on November 16, 1984.

Shannon Whelan filed for relief under Chapter 7 of the Bankruptcy Code on May 28, 1985. On October 7, 1985, pursuant to order of this Court, Joseph E. Rose, Trustee, sold the residence at public auction. The proceeds from the sale remain in an escrow account pending the decision of this Court as to whether the mortgage liens created by J. Michael Whelan should be paid from the proceeds. It is also noted that J. Michael Whelan filed for relief under Chapter 7 of the Bankruptcy Code in July, 1986. Both Shannon Whelan and J. Michael Whelan have received a discharge in bankruptcy.

■ The Bankruptcy Code does not address the issue at hand and this Court is required to follow state law. The case is similar to the facts in *Peyton v. Young,* 659 S.W.2d 205 (Ky.1983). In that case, husband and wife owned a residence, jointly with rights of survivorship and the husband granted a mortgage on his interest in the property. Subsequently, the parties were divorced and the husband conveyed his interest in the property to the wife. In *Peyton,* there are additional facts not present here in that the husband killed his wife and then committed suicide. The Court of Appeals held that the husband "could encumber no more than he held, a one-half interest" and ordered the mortgage paid from the husband's one-half interest. The Kentucky Supreme Court stated that:

> "There is certain language in the Court of Appeal's opinion which can be interpreted as treating the property interest of the husband and wife as a tenancy in common, which it was not, rather than a tenancy by the entirety, which it was. Nevertheless, the final result reached by the Court of Appeals is correct and we affirm."

It is clear, based upon the *Peyton* case, that J. Michael Whelan could encumber his interest in the marital home and that his interest will be deemed to be one-half. Apparently, the net proceeds derived from the sale of the residence is $32,528.89. Only J. Michael Whelan's one-half is subject to the mortgages and, therefore, only that amount may be used as payment on the same.

■ The first mortgage is in favor of James E. England and was in the original sum of $16,000.00. Whelan paid $5,000.00 on this amount and, after entry of the

decree of divorce, Whelan again borrowed the same sum of $5,000.00 from England. The claim of England for this $5,000.00 is without merit since the mortgage failed to contain a clause authorizing renewals, extensions or additional advances. It would appear, however, that England is an oversecured creditor and will be allowed post-petition interest, as well as pre-petition interest on his claim of $11,000.00. See 11 U.S.C. Section 506(b); *Wolohan Lumber Co. v. Robbins*, 21 B.R. 747 (S.D.Ohio 1982). The Trustee shall compute interest on England's claim at the rate provided in the note and upon such sums outstanding on the note from the date of the same until the date of payment. In no event, however, shall England's claim for interest, together with the principal, exceed one-half of the $32,528.89.

The second mortgage is in favor of John Douglas Hubbard in the sum of $9,000.00. To the extent the Trustee has funds remaining from one-half of the net proceeds of the sale after paying England's claim, he shall pay Hubbard's claim.

This Memorandum–Opinion constitutes findings of fact and conclusions of law pursuant to Fed.R.Bankr.Proc. 7052.

An order consistent herewith will be entered this day.

### ORDER

Pursuant to the attached Memorandum–Opinion,

IT IS ORDERED that defendant's, James E. England's Motion for Summary Judgment is SUSTAINED to the extent of $11,000.00, plus interest, and that defendant's, James Douglas Hubbard's, Motion for Summary Judgment be, and it is hereby SUSTAINED.

This is a final and appealable Order and there is no just cause for delay.