In re W. Donald SMITH, Carol Jean Smith, Debtors.

CANTOR, ANDERSON & BORDY, Plaintiff,

v.

W. Donald SMITH, Carol Jean Smith, Defendants.

Bankruptcy No. 3–88–00011(2)7.
Adv. No. 3–88–0007.

United States Bankruptcy Court,
W.D. Kentucky.

June 6, 1988.

Paul Musselwhite, Radcliff, Ky., for debtors.

David M. Cantor, David P. Chinn, Louisville, Ky., for plaintiff.

## MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This case is before the Court on the plaintiff's motion for summary judgment. The parties have filed memorandum in support of their respective positions, which have been reviewed by this Court. Because no genuine issues of material fact exist, the case is ripe for summary judgment. *Rogers v. Peabody Coal Co.*, 342 F.2d 749 (6th Cir.1965); *Bailey v. American Tobacco Co.*, 462 F.2d 160 (6th Cir. 1972); *Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273 (6th Cir.1974). The undisputed facts are as follows.

In October of 1985, the defendants, Donald and Carol Jean Smith, filed a Chapter 11 bankruptcy and employed the plaintiff, Cantor, Anderson and Bordy, ("Cantor"), as counsel to represent them in that matter. The defendants' Plan of Reorganization was eventually confirmed by this Court and a discharge was entered. On June 2, 1987, after the defendants failed to make the proper payments under the plan, this Court entered an order dismissing the Chapter 11 case.

Approximately six months later, on January 5, 1988, the defendants filed for Chapter 7 relief. In their schedules, the defendants listed Cantor, the plaintiff, as a creditor with a debt in the sum of $9,846.38 representing legal services performed during the original bankruptcy case.

Shortly after the filing, Cantor filed a complaint objecting to the debtors-defendants' right to a discharge since the defendants had obtained a discharge under 11 U.S.C. § 1141 in a case commenced within six (6) years before the date of the filing of the subsequent Chapter 7. Neither party disputes the fact that the defendants did receive a discharge in the original Chapter 11 even though the case was eventually dismissed. The defendants state in their

brief filed with the Court that they simply seek "to discharge the debts incurred subsequent to those debts that were discharged in the Chapter 11 proceeding", pursuant to Section 109(g) of the Code. (Defendants' Response to Summary Judgment Motion, Page 1)

The only issue to be decided by us is whether the Bankruptcy Code allows a debtor who obtained a discharge of his debts in a Chapter 11 case less than six years ago to receive a second discharge of his current debts in a subsequently filed Chapter 7 case.

■ The discharge provision of the Code is found in Section 727 of the Bankruptcy Code. This section is the heart of the fresh start provisions of the Code and embodies the well-accepted principle that the Code is intended to permit the honest debtor a fresh start in life free from debt. *In re Rubin*, 12 B.R. 436, 440 (Bankr., S.D.N.Y. 1981). Exceptions to discharge should be limited to those clearly expressed in the Code, with exceptions not expressly included being excluded by implication. *In re Cairone*, 12 B.R. 60, 63 (Bankr., R.I.1981). One of the exceptions to discharge is found in Section 727(a)(8) which states:

(a) The Court shall grant the debtor a discharge, unless—

(8) the debtor has been granted a discharge under this section, under Section 1141 of this title, or under Section 14, 371 or 476 of the Bankruptcy Act, in a case commenced *within six years before the date of the filing of the petition.* (Emphasis Mine)

The purpose of the six-year bar is to prevent the debtors from ridding themselves of debt by filing bankruptcy every time they find themselves unable to pay their debts. *In re Mendoza*, 16 B.R. 990 (1982)

■ Since the defendant-debtors had been granted a discharge under Section 1141 of the Bankruptcy Code in a case commenced in October of 1985, less than six years ago, then pursuant to Section 727(a)(8), they must be denied a discharge.

*Matter of Bishop*, 74 B.R. 677 (Bkrtcy., M.D.Ga., 1987)

The defendants present the Court with an interesting argument in favor of a subsequent discharge, citing as authority Section 109(g) of the Bankruptcy Code. Section 109 outlines who may be a debtor in a bankruptcy case and subsection (g), in relevant part, states that no individual may be a debtor who has been a debtor in a case pending under this title at any time in the preceding 180 days if: (1) that case was dismissed for willful failure to either appear before the Court or abide by Court orders; or (2) voluntary dismissal following the filing of a request for relief from the automatic stay.

The defendants argue that their previous bankruptcy case was dismissed more than 180 days preceding the Chapter 7 filing and not dismissed due to any abuse on their part. Consequently, they argue that under Section 109, they're entitled to be debtors and their previous dismissal should in no way prejudice their subsequent Chapter 7 filing. This Court finds that argument to be unpersuasive to the extent that the debtors would be entitled to another discharge. The Congressional intent behind the enactment of Section 109(g) is to prohibit abusive multiple filings. While we agree that nothing in Section 109 of the Code prevents the defendants from filing a subsequent bankruptcy case, they still remain subject to the other provisions of the Code including the discharge provisions of Section 727.

Accordingly, we find that the debtors must be denied a discharge under Section 727(a)(8) since they previously had been granted a discharge under Section 1141 of the Bankruptcy Code in a bankruptcy case commenced on October 3, 1985, which is within six years from the filing of the Chapter 7 case on January 5, 1988.

### ORDER

Pursuant to the attached Memorandum–Opinion, IT IS ORDERED that the motion for summary judgment made by Canter, Anderson & Bordy, plaintiffs, be, and hereby is SUSTAINED.

IT IS FURTHER ORDERED that the discharge of Donald and Carol Jean Smith, defendants-debtors, be, and hereby is DENIED.

This is a final and appealable Order, and there is no just cause for delay.