In re Isaac F. SAMORA, SS# 525–78–4065, and Teresa C. Samora, SS# 525–74–6706, Debtors.

Jack BARTH and Jean Barth, Plaintiffs,

v.

Isaac F. SAMORA and Teresa C. Samora, Defendants.

Bankruptcy No. 7–89–03521 MA. Adv. No. 90–0105 M.

United States Bankruptcy Court, D. New Mexico.

Aug. 27, 1990.

Douglas T. Francis, Albuquerque, N.M., for plaintiffs.

Robert I. Waldman, Albuquerque, N.M., for defendants.

## MEMORANDUM OPINION

MARK B. McFEELEY, Chief Judge.

This matter came before the Court on plaintiffs' complaint to determine dischargeability of debt filed April 16, 1990, and defendants' motion to dismiss filed May 16, 1990. The parties agreed to submit a stipulation of facts and legal memoranda for the Court's consideration. Having considered the documents submitted by the parties, having consulted the proper authorities and being otherwise fully informed and advised, the Court issues this memorandum opinion.

## FINDINGS OF FACT

The parties have stipulated to the following facts:

1. That the parties will submit the issue on briefs and that no oral argument is required unless requested by the Court.

2. That the parties will file memorandum briefs pursuant to the Order Resulting From the July 13, 1990, Scheduling Conference.

3. That the Court may consider the exhibits attached to the pleadings, the pleadings, the bankruptcy petition and schedules in this bankruptcy, in the prior bankruptcy No. 7–88–01644 MA; and may take judicial notice of all of these pleadings including any proofs of claim or other filed documents.

4. That the Barths were creditors of the Samoras at the time the prior bankruptcy was filed and dismissed.

5. That the only issue before the Court is: Whether or not the debt of the Samoras to the Barths in the amount of $20,901.21 plus interest and attorneys fees should be discharged in the Samoras' bankruptcy because the Samoras' prior bankruptcy was dismissed for failure to obey an order of the Bankruptcy Court or whether this debt should be determined to be nondischargeable.

The Court makes further findings:

6. The plaintiffs are judgment creditors against the defendants, having obtained a judgment in Bernalillo County District Court on June 5, 1989 in the amount of $20,901.21.

7. On July 22, 1988, the defendants filed a chapter 7 petition for bankruptcy in No. 7–88–01644 MA.

8. On March 13, 1989, this Court entered a dismissal of that bankruptcy because the defendants had not complied with an Order of this Court requiring them to amend schedules and statements.

9. The prior 1988 bankruptcy was dismissed without a discharge having been entered or denied.

10. The defendants filed this petition for relief under chapter 7 on December 12, 1989.

## DISCUSSION

The plaintiff points to § 523(a)(10), § 727(a), and *Perlman v. 322 West Seventy–Second St. Co., Inc.*, 127 F.2d 716 (2d Cir.1942), for the proposition that all of the debts listed in the prior proceeding are nondischargeable in the current proceeding, and that if an estate is closed without the debtor obtaining a discharge, the debtor is in the same position as one whose

discharge is denied. Plaintiff argues that it makes no difference that this case involves a dismissal rather than a denial of discharge or revocation of discharge, and states that § 109(g) is not applicable to this case.

Defendants point to § 349(a) for the proposition that dismissal of a case does not bar the discharge of the same debts in a later case. Further, defendants rely on § 109 in asserting their right to become a debtor in bankruptcy and have all of their debts, including the debt to the plaintiffs, discharged by their bankruptcy.

The applicable Bankruptcy Code provisions are set forth below.

Section 523(a)(10) provides in part:

(a) A discharge under section 727 ... does not discharge an individual debtor from any debt—

(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied a discharge under section 727(a) ... (6) ... of this title.

Section 727(a)(6) provides in part:

(a) The court shall grant the debtor a discharge, unless—

(6) the debtor has refused, in the case—

(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify.

Section 349(a) provides:

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f) of this title.

Section 109(g)(1) provides:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case;

With the exception of *Perlman,* which this Court declines to follow, plaintiffs' reliance on the case law cited in their legal memorandum to support the argument that the previously listed debts should be dischargeable under §§ 523 and 727 is misplaced. In every other case cited, there was either a discharge granted in the previous bankruptcy prior to dismissal, a denial of a discharge by order of the court, or a revocation of a discharge in the previous bankruptcy. *See Klapp v. Landsman,* 24 B.R. 598 (BAP 9th Cir.1982), *aff'd,* 706 F.2d 998 (9th Cir.1983); *Cantor, Anderson & Bordy v. Smith,* 95 B.R. 468 (Bankr.W.D. Ky.1988); *Pope v. Housler,* 41 B.R. 455 (D.C.W.D.Penn.1984); *Patterson Dental Co. v. Mendoza,* 16 B.R. 990 (Bankr.S.D. Cal.1982); *Francis v. Hairston,* 3 B.R. 436 (Bankr.D.N.M.1980).

In the case now before the Court, there was an order of dismissal in the previous bankruptcy, but there was not a court order that denied a discharge or revoked a discharge previously given. In fact, no discharge had been entered. Plaintiff states that it makes no difference whether an order denying or revoking discharge was entered. The Court disagrees.

Section 349 provides that a dismissal of a bankruptcy case shall be without prejudice unless the court, for cause, orders otherwise. *In re Ray,* 46 B.R. 424 (D.C.S.D.Ga.1984). Further, § 349 clearly states that unless the Court orders otherwise, a debtor may file a subsequent petition and discharge debts that were dischargeable in a previous case that was dismissed. Section 109 bars a debtor from refiling a petition if they have been a debtor in the preceding 180 days, if the case was dismissed by the court for willful failure of the debtor to abide by orders of the court. These sections read together, allow

a debtor to refile after 180 days after a dismissal, and to discharge debts that were dischargeable in a previous case. Section 523, on the otherhand, denies discharge of debts that were or could have been listed where the debtor waived discharge or was denied a discharge under § 727. Section 727 does not mandate an automatic denial of a discharge for failure to obey on order of the Court. The Court in its discretion may dismiss a case without a denial of a discharge.

█ In the case in question, the previous bankruptcy case was dismissed without specifying whether it was with or without prejudice, on March 13, 1989. The debtors filed their second petition on December 12, 1989, which was outside the 180 day period under § 109. Thus, because a discharge was not waived or denied in the previous bankruptcy, the debtors are free to discharge the debts previously scheduled. This case is similar to *In re Ray*, 46 B.R. at 424, in which the Court dismissed sua sponte, the debtors chapter 11 proceeding. The Court stated that the debtors in that case were free to refile and obtain a discharge of the debts, since the dismissal was without prejudice. Also, *Nash v. Kester*, 765 F.2d 1410 (9th Cir.1985), addressed the same issue and stated that the debtor is not barred from listing debts in a later case that were listed in a previous case which was dismissed without prejudice and without obtaining a discharge.

Therefore, based on the above discussion, the plaintiffs' shall be awarded nothing on their complaint, and defendants' motion to dismiss shall be granted. This memorandum opinion constitutes the Court's findings of fact and conclusions of law. Bankruptcy Rule 7052. An appropriate order shall enter.