UNITED STATES of America, Plaintiff,

v.

Raymond A. CONNORS, et al., Defendants.

No. C–2–83–896.

United States District Court, S.D. Ohio, E.D.

Oct. 23, 1985.

James E. Rattan, Columbus, Ohio, Thomas M. Barba, Dept. of Justice, Civil Div., Washington, D.C., for plaintiff.

Douglas M. Kennedy, Asst. Atty. Gen., Columbus, Ohio, for defendants.

## JUDGMENT AND PERMANENT INJUNCTION

HOLSCHUH, District Judge.

This is an action by the United States of America against the Ohio Bureau of Worker's Compensation and the Industrial Commission of Ohio seeking a permanent injunction and declaratory relief. Plaintiff asks this Court to enjoin defendants from continuing to include federal ACTION Foster Grandparent volunteers in the Ohio workers' compensation scheme. This Court's jurisdiction is based upon 28 U.S.C. § 1345. This matter is before the Court on plaintiff's motion for summary judgment.

### I. FACTS OF THE CASE

This suit was instituted on May 12, 1983 as the result of a finding by the defendant Industrial Commission of Ohio that Ms. Marie Becker, a Foster Grandparent program volunteer, was an employee for purposes of the Ohio workers' compensation laws. Ms. Becker had been injured while volunteering at the Resident Home for the Mentally Retired and filed an application for payment of medical benefits with the State of Ohio Bureau of Workers' Compensation as well as with the private group insurance provided by ACTION. These facts are not contested by the parties. The sole issue before this Court is whether the State of Ohio's policy of deeming federal Foster Grandparent Volunteers employees under the Ohio Workers' Compensation scheme is in conflict with and has been preempted by federal law.

### II. STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides in part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The purpose of the summary judgment procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *Lashlee v. Sumner,* 570 F.2d 107, 111 (6th Cir.1978); *Felix v. Young,* 536 F.2d 1126, 1130 (6th Cir.1976); *United States v. Articles of Device, Consisting of Three Devices ... "Diapulse",* 527 F.2d 1008, 1011 (6th Cir.1976); *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir.1962). Therefore, summary judgment should be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, [and where] no genuine issue remains for trial, [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967 (1944). *Accord Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962); *Associated Press v. United States,* 326 U.S. 1, 6, 65 S.Ct. 1416, 1418, 89 L.Ed. 2013 (1945); *Rogers v. Peabody Coal Co.,* 342 F.2d 749, 751 (6th Cir.1965).

Although summary judgment should be cautiously invoked, nonetheless it is often proper. "Summary judgment is a useful procedure for reaching the merits of a case short of conducting a full-blown trial." *Felix v. Young,* 536 F.2d 1126, 1130 (6th Cir.1976). "If the record evidence is not disputed as to any material fact, the case should be decided as a matter of law rather than submitted to the jury." *Bouldis v. U.S. Suzuki Motor Corp.,* 711 F.2d 1319, 1324 (6th Cir.1983). When the facts are undisputed, when pure questions of law are at issue, and when the plaintiff has had full opportunity to be heard on those legal issues, summary judgment is proper even though the legal issues are difficult. *Ken-*

tucky Rural Elec. Coop. Corp. v. Maloney Elec. Co., 282 F.2d 481, 483–84 (6th Cir.), cert. denied, 365 U.S. 812, 81 S.Ct. 692, 5 L.Ed.2d 691 (1961). When the moving party has met its burden, summary judgment should be granted. Rogers v. Peabody Coal Co., 342 F.2d 749, 751 (6th Cir.1965).

"[T]he question whether summary judgment is appropriate in any case is one to be decided upon the particular facts of that case...." First National Bank v. Cities Service Co., 391 U.S. 253, 259, 88 S.Ct. 1575, 1577, 20 L.Ed.2d 569 (1968). The moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged will be viewed in the light most favorable to the opposing party." Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (footnote omitted). Accord Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 472, 82 S.Ct. 486, 490, 7 L.Ed.2d 458 (1962); Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); Rogers v. Peabody Coal Co., 342 F.2d 749, 751 (6th Cir.1965). Similarly, "inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Accord Watkins v. Northwestern Ohio Tractor Pullers Assoc., Inc., 630 F.2d 1155, 1158 (6th Cir.1980); United States v. Articles of Device Consisting of Three Devices ... "Diapulse", 527 F.2d 1008, 1011 (6th Cir.1976); Rogers v. Peabody Coal Co., 342 F.2d 749, 751 (6th Cir.1965). "Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated." Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir.1962). Accord Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979).

Additionally, Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Under Rule 56(e), "a party cannot rest on the allegations contained in his complaint in opposition to a properly supported motion for summary judgment against him." First National Bank v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968) (footnote omitted). The Sixth Circuit has held that

where a moving party supports his motion for summary judgment by affidavit or other appropriate means, which are uncontroverted, a trial court is fully justified, within the purview of Rule 56 of the Federal Rules of Civil Procedure in granting relief thereon.

Williams v. Baltimore & O. R.R., 303 F.2d 323, 324 (6th Cir.1962). Accord R.E. Cruise, Inc. v. Bruggeman, 508 F.2d 415, 416 (6th Cir.1975); Daily Press, Inc. v. United Press International, 412 F.2d 126, 134 (6th Cir.), cert. denied, 396 U.S. 990, 90 S.Ct. 480, 24 L.Ed.2d 453 (1969).

■ The uncontroverted facts, however, must conclusively negate the existence of a genuine issue of material fact and establish the moving party's entitlement to judgment. If evidence in support of a motion for summary judgment does not establish a lack of a genuine issue of material fact and conclusively support the moving party's entitlement to judgment, summary judgment is not proper even if no opposing material is presented; "unexplained gaps" in material submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. Adickes v. S.H. Kress Co., 398 U.S. 144, 157–60, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); Smith v. Hudson, 600 F.2d 60, 65 (6th Cir.), cert. dismissed, 444 U.S. 986, 100

S.Ct. 495, 62 L.Ed.2d 415 (1979); *Fitzke v. Shappell*, 468 F.2d 1072, 1077–8 (6th Cir. 1972).

## III. LEGAL ANALYSIS

The Foster Grandparent Program is administered by the ACTION Agency under the authority of Part B, of Title II, of the Domestic Volunteer Service Act of 1973, as amended, 42 U.S.C. § 5011, *et seq* (the Act). The purpose of this program is to provide

> opportunities for low-income persons aged sixty or over to provide supportive person-to-person services in health, education, welfare, and related settings to children having exceptional needs, including services by individuals serving as 'foster grandparents' to children receiving care in hospitals, homes for dependent and neglected children, or other establishments providing care for children with special needs.

42 U.S.C. § 5011. The Act basically provides for a local program to be established with the sponsors to recruit and assign volunteers in compliance with ACTION guidelines. The Act authorizes ACTION to provide allowances, stipends and other support to Foster Grandparent Volunteers. 42 U.S.C. § 5011(d).

Plaintiff argues that it is the intent of Congress that Foster Grandparent Volunteers not be considered employees and that defendants' position that Ms. Becker is an employee for Ohio Workers' Compensation purposes goes directly against such Congressional intent. It is argued that considering Foster Grandparent Volunteers as employees is likely to encourage otherwise employable elderly individuals to abandon their productive jobs in the work force and become Foster Grandparent Volunteers. Further, such an interpretation would require local sponsors to make payments to the Ohio Bureau of Workers' Compensation thereby diverting already limited funds from other program uses.

It is defendants' position that Ms. Becker, as a participant in the Foster Grandparent Program, met all of the traditional indicia of employment under Ohio law and is therefore to be considered an employee for Ohio Workers' Compensation purposes and entitled to benefits. It argues that the State of Ohio has a strong interest in protecting its workers and preemption of its law in this area would be improper.

The record is therefore clear that there are no genuine issues of material fact and the sole legal issue to be decided by this Court is whether the decision that Foster Grandparent Volunteers shall be deemed employees for purposes of Ohio workers' compensation is in conflict with the Domestic Volunteer Services Act, 42 U.S.C. § 5011, *et seq.*, and defendants are therefore precluded from making such a finding.

Under the Supremacy Clause of Article VI, federal law preempts state law when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941). The test in the present case is "whether both regulations can be enforced without impairing the federal superintendence of the field." *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142, 83 S.Ct. 1210, 1217, 10 L.Ed.2d 248 (1963). Recognizing the State of Ohio's interest in protecting its workers, a finding of federal preemption will not be made absent a showing that this was the clear and manifest purpose of Congress. *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947); *Reid v. Colorado*, 187 U.S. 137, 148, 23 S.Ct. 92, 96, 47 L.Ed. 108 (1902). Congressional intent may be explicit or implied, or may be found where compliance with both federal and state legislation is impossible. *AMCA International Corp. v. Krouse*, 482 F.Supp. 929, 935 (S.D.Ohio 1979). This Court must look to the language of the federal legislation not only as it is written, but as it is interpreted and applied. *Jones v. Roth Packing Co.*, 430 U.S. 519, 526, 97 S.Ct. 1305, 1310, 51 L.Ed.2d 604 (1977). This entails a review of the legislative history as well as giving great deference to the interpretation given by the officers or

agency charged with the administration of the Act. *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

■ After a careful consideration of the federal statute, its legislative history, and the interpretation given to it by its officers, it is the opinion of this Court that defendants' position that Foster Grandparent Volunteers shall be eligible for Ohio Workers' compensation benefits is in direct conflict with the federal Act and the Congressional intent in enacting that legislation.

The language of 42 U.S.C. § 5011, *et seq.*, and its legislative history is replete with the term "volunteer" as distinguished from one who is a part of the workforce. 42 U.S.C. § 5011(d) speaks of providing to persons serving as volunteers allowances or stipends. 42 U.S.C. § 5044(a) states that the Director is to assure that the "services of volunteers assigned, referred, or serving pursuant to grants, contracts, or agreements" are "limited to activities which would not otherwise be performed by employed workers and which will not supplant the hiring of or result in the displacement of employed workers...." Additionally, 42 U.S.C. § 5058 reads as follows:

> Notwithstanding any other provision of law, *no payment* for supportive services or reimbursement of out-of-pocket expenses made to persons serving pursuant to subchapter II of this chapter [National Older American Volunteer Programs] *shall be* subject to any tax or charge or be *treated as wages or compensation for the purposes of* unemployment, temporary disability, retirement, public assistance, *workers' compensation,* or similar benefit payments, or minimum wage laws.

> (emphasis added.)

The words "workers' compensation" were added by amendment in 1984 "to specify that volunteer stipends under title II Older American Volunteer Programs may not be treated as wages or compensation for purposes of workers' compensation." S.Rep.

No. 182, 98th Cong., 2d Sess. 19, *reprinted in* 1984 U.S.Code Cong. & Ad.News 454, 472.

This Court has also reviewed the affidavits of C. Wade Freeman, Jr., Deputy Associate Director for Older American Volunteer Programs at ACTION, and Barry Caron, Assistant General Counsel in the Office of General Counsel at ACTION, both of which attest to the fact that it has been the long held position of ACTION that Foster Grandparent Volunteers are not considered employees, either at the federal level, or at the sponsoring organization level. It would also appear that until the recent case of Ms. Becker, the State of Ohio had not considered Foster Grandparent Volunteers employees for workers compensation purposes. (Attachment A to Freeman Affidavit.)

Defendants' decision that a Foster Grandparent Volunteer is an employee and therefore entitled to Ohio workers' compensation benefits is not compatible with federal legislative intent. Considering a Foster Grandparent Volunteer's stipend to be wages is in direct contravention of 42 U.S.C. § 5058. To consider such volunteers employees is to ignore and to confuse the clear Congressional language that these persons are limited to activities not otherwise performed by employed persons. 42 U.S.C. § 5044; S.Rep. No. 311, 93d Cong., 1st Sess. ——, *reprinted in* 1973 U.S.Code Cong. & Ad.News 2155, 2177.

In *Davis v. Elmira Savings Bank,* 161 U.S. 275, 283, 16 S.Ct. 502, 503, 40 L.Ed.2d 700 (1896) the Supreme Court stated:

> [A]n attempt by a state to define their duties or control the conduct of their affairs is absolutely void, wherever such attempted exercise of authority expressly conflicts with the laws of the United States, and either frustrates the purpose of the national legislation, or impairs the efficiency of these agencies of the Federal government to discharge the duties for the performance of which they were created.

The position of the Bureau of Workers' Compensation of Ohio and the Industrial Commission of Ohio that Foster Grandparent Volunteers are employees for Ohio workers' compensation purposes is in direct contravention with the federal Act and Congressional intent that such persons are to be treated as volunteers. The two positions are not compatible and to allow enforcement of defendants' position would be to impair the purposes and objectives of Congress in establishing the Foster Grandparent Program.

For the foregoing reasons, this Court finds that the actions of defendants finding Foster Grandparent Volunteers to be employees and therefore eligible for Ohio workers' compensation benefits is in conflict with federal law and is null and void. Plaintiff's motion for summary judgment is therefore GRANTED. Plaintiff is entitled to its costs pursuant to Fed.R.Civ.P. 54(d).

Having granted summary judgment in favor of plaintiff United States of America, it is therefore the ORDER of this Court that defendants Raymond A. Connor, Administrator of the Bureau of Workers' Compensation of the State of Ohio and the Industrial Commission of Ohio, their agents, servants, attorneys, and all other persons in active concert or participation with them who receive actual notice of this Order through personal service, or otherwise, are hereby PERMANENTLY ENJOINED from

   (a) considering Foster Grandparent Program volunteers as employees for the purpose of Ohio workers' compensation laws or administering the Ohio workers' compensation scheme so as to in any way include Foster Grandparent Program volunteers;

   (b) assessing fees or requiring payments of any type under Ohio workers' compensation laws from ACTION, its employees, agents, and grantees for injuries or disabilities sustained by Foster Grandparent Program volunteers.

IT IS SO ORDERED.