Marjorie WOLF, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (COUNTY OF BERKS/OFFICE OF the AGING), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1997.

Decided Dec. 8, 1997.

Clifford B. LePage, Jr., Reading, for petitioner.

Lori A. Kachmar, Allentown, for respondent.

Before KELLEY and FLAHERTY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Marjorie Wolf (claimant) appeals from the order of the Workers' Compensation Appeal Board dated December 12, 1996. The board's order reversed the Workers' Compensation Judge's (WCJ) order granting claimant's claim petition. We affirm the board's order on different grounds.[1]

Claimant filed a claim petition on October 21, 1993 alleging that she had become temporarily totally disabled from her position as a foster grandparent with the Berks County's Office of the Aging (County). Claimant had fallen over physical therapy equipment on May 26, 1993 while serving at the Easter Seal Society Love and Day Care Center (Center) in West Reading. She sustained a fracture to her right sacroiliac joint and left pubic bone as a result of the fall.

Claimant provided support services at the Center as a foster grandparent pursuant to a federal program authorized under Title II of the Domestic Volunteer Service Act of 1973

---

1. This court is able to affirm the order of the tribunal below regardless of the reasons given, if the order is correct for any reason. *Morgan* *Signs, Inc. v. Pennsylvania Department of Transportation,* 676 A.2d 1284, 1286 (Pa.Cmwlth. 1996).

(DVSA).[2] The purpose of the program is to provide opportunities to low-income persons aged 60 or over to give supportive personal care to children with special or exceptional needs. The County has administered the federally funded program since 1980, overseeing 53 volunteer sites and over 80 volunteers.

As part of its administrative duties, the County provided 40 hours of pre-service orientation to the foster grandparents. In addition, the County arranged for the volunteers to receive direct benefits including personal liability insurance, accident insurance, transportation, recognition and a stipend. In accordance with the DVSA, claimant received a nontaxable stipend of $2.35 per hour for the twenty hours she served per week.

The WCJ granted claimant's claim petition by decision circulated September 7, 1994. Specifically, the WCJ determined that claimant was an employee and had sustained her injuries in the course and scope of her employment thereby making her injuries compensable under the Pennsylvania Workers' Compensation Act (Act).[3] Additionally, the WCJ concluded that the DVSA did not preclude claimant from recovering workers' compensation benefits.

The County filed an appeal with the board on September 26, 1994 asserting that the WCJ's findings of fact and conclusions of law were not supported by substantial, competent evidence. Included with its appeal, the County filed a petition for supersedeas which claimant responded to on October 3, 1994. The board granted the County's request for supersedeas on Monday, October 24, 1994. Claimant's counsel requested reconsideration of the board's order alleging the expiration of the 20–day time period for disposition of such orders. The board affirmed the supersedeas order on November 14, 1994.

The board then reversed the order of the WCJ by order dated December 12, 1996. Since the courts in Pennsylvania had not addressed the issue of whether foster grandparents are to be considered employees under the Act, the board relied on *United States v. Connors*, 634 F.Supp. 484 (S.D.Ohio 1985). The federal district court in *Connors* found that the language and the legislative history of the DVSA clearly distinguished volunteers from employed workers. Moreover, the district court concluded that Ohio's Workers' Compensation scheme was in conflict with and was preempted by the federal act, DVSA.[4] The board applied the federal district court's rationale to the present facts and denied claimant workers' compensation benefits. This appeal followed.[5]

The issues before this court are: (1) whether a foster grandparent providing services to children having special needs pursuant to a federal act (DVSA) is to be classified as a volunteer, thereby being ineligible for receipt of benefits pursuant to the Workers' Compensation Act; and (2) whether the board disposed of the County's request for supersedeas in a timely manner.[6]

2. 42 U.S.C. §§ 4950–5091.

3. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

4. The federal district court specifically noted sections 5044(a) and 5058 of the DVSA, 42 U.S.C. §§ 5044(a), 5058. Section 5044(a) states:

the service of volunteers assigned, referred, or serving pursuant to grants, contracts or agreements under [the DVSA] is limited to activities which would not otherwise be performed by employed workers and which will not supplant the hiring of or result in the displacement of employed workers. . . .

Additionally, section 5058 provides:

Notwithstanding any other provision of law, no payment for supportive services or reimbursement of out-of-pocket expenses made to persons serving pursuant to subchapter II of this chapter [DVSA] shall be subject to any tax or charge or be treated as wages or compensation for the purposes of unemployment, temporary disability, retirement, public assistance, workers compensation, or similar benefit payments. . . .

5. We note that the U.S. Attorneys Office and the Corporation for National and Community Service filed a Statement of Interest on behalf of the United States in support of the County's position herein.

6. This court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workers' Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

In order to satisfy her burden of proof on a claim petition, claimant must establish all elements necessary to support an award, including the existence of an employer/employee relationship at the time of the injury. *Williams v. Workers' Compensation Appeal Board (Global Van Lines)*, 682 A.2d 23 (Pa.Cmwlth.1996). Accordingly, we must initially determine whether claimant is an employee of the County. Section 104 of the Act, 77 P.S. § 22, declares an employee to be synonymous with a servant and includes in pertinent part:

All natural persons who perform services for another for a *valuable consideration,* exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer ... (emphasis added).

Here, claimant provided one-on-one services to special and exceptional children at a day care center operated by the Easter Seal Society. Pursuant to the DVSA, claimant is eligible for assistance with her transportation and meal costs and receives a nontaxable stipend of $2.35 per hour. The stipend, which is funded by federal monies and disbursed from the County's general account, is intended to reimburse claimant for the incidental costs of providing volunteer services. *See* 45 C.F.R. §§ 1208.3–5(c)(1)(iii).

This cost assistance is simply a nominal gratuity afforded to low-income foster grandparents by the DVSA so that serving in the program is of no expense to the volunteer. In contrast to the traditional employer/employee relationship, where an employer pays wages to an employee for services performed, the stipend is afforded so as to unburden low-income persons. It allows the foster grandparents to help exceptional children without having to be concerned about financial constraints. Since the stipend is not intended as remuneration for the altruistic services the foster grandparents provide,

we are unwilling to characterize it as valuable consideration as set forth in section 104 of the Act, 77 P.S. § 22.

Our finding that claimant's stipend and assistance for transportation and meal costs is not valuable consideration is consistent with Justice Pomeroy's reasoning in *Marcus v. Frankford Hospital*, 445 Pa. 206, 283 A.2d 69 (1971).[7] In *Marcus,* plaintiff served at Frankford Hospital as a volunteer aid. She had been assigned to serve in the hospital's volunteer program by the American Red Cross. In order to ensure that she performed her volunteer services properly, plaintiff received two days of orientation and training which consisted of lectures, demonstrations and a tour of the hospital. Plaintiff was also entitled to receive free meals on hospital premises during her service.

Justice Pomeroy concluded that plaintiff's training and entitlement to free meals did not constitute valuable consideration within the meaning of section 104 of the Act, 77 P.S. § 22. *Marcus,* at 211–12, 283 A.2d at 72–73. Rather, the justice characterized the free meals and training as nominal gratuities extended by the hospital. *Id.* In conclusion, Justice Pomeroy held that plaintiff was not an employee within the meaning of the Act and was therefore ineligible for workers' compensation benefits. *Id.* Though *Marcus* is not binding on this court, we find it to be very persuasive and adopt its legal reasoning.[8]

The Act itself provides further evidence that the legislature of this state did not intend to include volunteers, such as claimant, within the parameters of the Act. Specifically, section 601 of the Act, 77 P.S. § 1031, has statutorily defined those groups of volunteers which the General Assembly desired to include as "employees" under section 104 of the Act. The miscellaneous statutory employees include volunteer firefighters, volunteer ambulance corpsmen, volunteer rescue and

---

7. Since the Supreme Court was equally divided, the judgment of the court below was affirmed per curiam. Justice Pomeroy filed an opinion in support of the order in which Justices Eagen and O'Brien joined. Justice Roberts filed an opinion in support of the judgment n.o.v. in which Chief Justice Bell and Justice Jones joined.

8. We find our reliance on *Marcus* to be bolstered by the fact that the split in the Supreme Court was due to a disagreement over the duty of care a hospital owes to a volunteer aid in a negligence action. Both opinions of the Supreme Court are based on the legal conclusion that a volunteer is not an employee under section 104 of the Act.

lifesaving squad members, volunteer members of State Parks and Forest Program, and volunteer members of hazardous materials response teams.

This court is unable to categorize a foster grandparent providing volunteer services to special children as a statutory employee without a more specific legislative directive. Unlike claimant, the statutorily recognized volunteers listed above have historically provided direct services to local and state government. Claimant's services, though extremely valuable, are outside the purview of the volunteer services currently recognized by the Act. Accordingly, we hold that claimant is not an employee within the meaning of the Act and is ineligible for benefits.

■ Next, we must decide whether the computation of the time period for disposition of a supersedeas request is to be extended when the last day of the period falls on a Sunday. The time allotted for disposition of a request for supersedeas by the board is set forth in 34 Pa.Code § 111.24(b). Section 111.24(b) states that the "Board will rule on requests for supersedeas within 20 days of the date when the answer is due or the answer is received, whichever occurs first, or the request shall be deemed denied." Here, claimant responded to the County's request for supersedeas on Monday, October 3, 1995. The board ruled on the request on Monday, October 24, 1994, twenty-one days later.

Since the board's rule regarding disposition of supersedeas orders is part of the Pennsylvania Code, we initially look to section 31.12 of the General Rules of Administrative Practice and Procedure, 1 Pa.Code § 31.12, for guidance. This section provides in pertinent part:

Except as otherwise provided by law, in computing a period of time prescribed or allowed by this part or by the regulations of the agency or another provision of law, the day of the act, event or default after which the designated time period begins to run may not be included. The last day of the period so computed shall be included, unless it is Saturday, Sunday or a legal holiday in this Commonwealth, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday nor a holiday.

Based on this regulation, it is clear that the board disposed of the County's request for supersedeas in a timely fashion. The problem, however, is that the Special Rules of Administrative Practice and Procedure before the board have specifically *excluded* section § 31.12 relating to the computation of time periods. *See* 34 Pa.Code § 111.2. Moreover, the board has not set forth any corresponding rule which directs the computation of the time period.[9]

In the absence of an applicable regulation promulgated by the board defining the computation of a time period, we note section 1502(a)(1)(ii) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1502(a)(1)(ii). It provides:

**(a) Direct application.—**

(1) Except as otherwise provided in [the Statutory Construction Act], the provisions of [the Statutory Construction Act] shall apply to the following unless the General Assembly or the agency adopting the document shall provide otherwise: ... (ii) Every document codified in the Pennsylvania Code....

Since the Statutory Construction Act of 1972 applies to agency regulations codified in the Pennsylvania Code, we turn to section 1908 of the Act, 1 Pa.C.S. § 1908 for guidance in this matter. Section 1908 provides that whenever the last day of a statutory time period falls on a Sunday, that day must be omitted from the computation of the period.

This legislative directive leads us to conclude that Saturdays, Sundays and holidays are not to be included in the computation of time periods.[10] Moreover, the inclusion of

---

9. We note that the board could remedy this omission by utilizing the authority it has been granted in sections 435(a) and (c) of the Act, 77 P.S. § 991(a) and (c), and section 2205 of the Administrative Code, Act of April 9, 1929, P.L. 177, as amended, 71 P.S. § 565. These statutes allow the board to make a regulation defining the method for computing time periods in its Administrative Rules of Practice and Procedure.

10. We note that this court has previously applied aspects of the Statutory Construction Act of 1972 to regulations. *See Pennsylvania State Police,*

these days in the computation of time periods would create an unworkable system by requiring state agencies to be open every day of the year in order to accept filings and to forward dispositions. Therefore, we conclude that the board decided the supersedeas request in a timely manner.

Accordingly, the order of the board is affirmed.

### ORDER

NOW, this 8th day of December, 1997, the order of the Workers' Compensation Appeal Board, dated December 12, 1996, at No. A94–2937, is affirmed.

LEADBETTER, J., did not participate in the decision in this case.

*Bureau of Liquor Control Enforcement v. Benny Enterprises, Inc.,* 669 A.2d 1018 (Pa.Cmwlth. 1995) and *Fraternal Order of Police Lodge No. 5 v. City of Philadelphia,* 139 Pa.Cmwlth. 256, 590 A.2d 384 (1991) *appeal dismissed,* 534 Pa. 301, 632 A.2d 873 (1993).