IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debbie Hughey,                               :
                        Petitioner           :
                                             :
            v.                               :
                                             :
Workers' Compensation Appeal                 :
Board (Andorra Woods Healthcare Center,      :
ACE American Insurance Company, Esis         :
Northeast WC Claims, Gallagher Bassett       :
Services, Inc., and PA Uninsured             :
Employees Guaranty Fund),                    :       No. 1349 C.D. 2018
                        Respondents          :       Submitted: April 5, 2019


OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                        FILED: June 27, 2019


        Debbie Hughey (Claimant) petitions this Court, pro se, for review of the
Workers' Compensation (WC) Appeal Board's (Board) August 31, 2018 order
affirming Workers' Compensation Judge (WCJ) Audrey Timm's (WCJ Timm)
decision denying and dismissing Claimant's Petition to Reinstate Compensation
Benefits (Reinstatement Petition), Petition to Review Medical Treatment (Review
Petition) and Penalty Petition (collectively, Petitions).  Claimant presents five issues
for this Court's review: (1) whether Claimant's appeal was timely filed; (2) whether
WCJ Timm was biased; (3) whether WCJ Joseph Hagan (WCJ Hagan) denied
Claimant's due process rights; (4) whether WCJ Timm violated Claimant's right to
prove how WCJ Hagan and Lyric Health Care/Andorra Woods Healthcare Center
(Employer) illegally stopped her WC benefits; and (5) whether WCJ Timm abused
her authority and committed fraud.  After review, we dismiss Claimant's appeal.

On December 5, 2011, Claimant sustained work-related injuries in the course and scope of her employment as a registered nurse for Employer. On January 4, 2012, Employer issued a medical-only Notice of Compensation Payable accepting injuries described as multiple strains/sprains. On January 13, 2012, Claimant filed a claim petition alleging injuries to her low back, left knee, neck and shoulders, and full disability beginning December 5, 2011. The claim petition was withdrawn by counsel who is no longer representing Claimant. On May 10, 2012, Employer filed a termination petition. Employer filed a request for supersedeas that WCJ Stephen Harlen (WCJ Harlen) denied on June 18, 2012.

The case was reassigned to WCJ Hagan after WCJ Harlen recused.[1] By January 28, 2015 order, WCJ Hagan granted Employer's supersedeas request as to indemnity benefits. Claimant, pro se, appealed from the grant of supersedeas, and Claimant's former counsel requested reconsideration at a hearing on March 2, 2015. The Board dismissed Claimant's appeal from the grant of supersedeas because it was an interlocutory order.

Thereafter, Claimant filed a motion seeking WCJ Hagan's recusal. On May 18, 2015, WCJ Hagan held a hearing on the recusal motion. On May 21, 2015, WCJ Hagan denied Claimant's recusal motion and set a new briefing schedule. Claimant appealed from the May 21, 2015 order to the Board, and Employer filed a motion to quash. By August 31, 2015 order, the Board granted Employer's motion to quash and dismissed Claimant's appeal. Claimant appealed to this Court, and Employer filed another motion to quash. By February 10, 2016 order, this Court granted Employer's motion and dismissed the appeal. Claimant petitioned for allowance of appeal to the Pennsylvania Supreme Court, which was denied.

---

[1] WCJ Harlen recused himself in December 2014, after Claimant filed complaints against him and numerous attorneys for alleged ethical violations.

By the time WCJ Hagan closed the record in 2015, more than 40 petitions had been filed. Claimant had filed 27 penalty petitions, 5 review petitions, 2 modification petitions, a medical review petition and a reinstatement petition. Employer filed a termination petition and 2 review petitions.[2] All the petitions were consolidated and, in December 2015, WCJ Hagan issued three decisions granting Employer's termination and review petitions and denying Claimant's review, modification and medical review petitions and further denying her penalty petitions and the reinstatement petition as duplicative and repetitious. Claimant appealed from both decisions to the Board which, on January 13, 2017, affirmed WCJ Hagan's decisions.[3] In its Opinion, the Board notified Claimant that she had 30 days from the mailing date of January 13, 2017 (*i.e.*, February 13, 2017)[4] to appeal to this Court.

---

[2] To date, Claimant has filed more than 50 petitions, more than half of which were penalty petitions.

[3] In the interim, on February 16, 2016 and March 8, 2016, Claimant filed claim, modification, reinstatement and penalty petitions relating to her December 5, 2011 work injury. The petitions were consolidated and, on April 7, 2016, WCJ Todd Seelig (WCJ Seelig) dismissed them because they were barred by res judicata and collateral estoppel, the claim petition was barred by the three-year limitations period, and the petitions were frivolous. Claimant appealed to the Board, which affirmed WCJ Seelig's decision.

Claimant filed a third claim petition on October 19, 2016, alleging injuries sustained on December 5, 2011. On October 20, 2016, she filed another reinstatement petition. On November 9, 2016, Claimant filed a modification and reinstatement petition. On November 10, 2016, she filed another modification petition and two additional penalty petitions. The petitions were assigned to WCJ Tina Maria Rago (WCJ Rago), who conducted a hearing on November 16, 2016. In two decisions issued on April 26, 2017, WCJ Rago granted Employer's motion to dismiss the petitions, finding that they were barred by res judicata and collateral estoppel, and the claim petition was barred by the three-year limitations period. WCJ Rago noted that the petitions represented Claimant's third attempt to litigate issues that had been fully litigated before WCJ Hagan. Claimant appealed from WCJ Rago's decisions to the Board, which denied Claimant's appeal.

[4] Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1908, "provides that whenever the last day of a statutory time period falls on a Sunday, that day must be omitted from the computation of the period." *Wolf v. Workers' Comp. Appeal Bd. (Cty. of Berks/Office of Aging)*, 705 A.2d 483, 486 (Pa. Cmwlth. 1997). Here, because the 30th day fell on Sunday, February 12, 2017, Claimant had until Monday, February 13, 2017 to timely appeal.

3

On February 16, 2017, Claimant filed a letter with this Court stating that she tried to file an appeal from the Board's January 13, 2017 order through PACFile,[5] but it was rejected. On March 20, 2017, Claimant filed a petition for review with this Court. By April 21, 2017 order, this Court directed the parties to address in their principal briefs whether the appeal was timely. On January 31, 2018, this Court dismissed Claimant's appeal as untimely.[6]

On August 28, 2017, Claimant filed the Reinstatement Petition, wherein she alleged that her work-related condition worsened as of that date and also requested supersedeas. A hearing was conducted before WCJ Timm on October 2, 2017. Also on October 2, 2017, Claimant filed the Review Petition. On October 25, 2017, Claimant filed a Penalty Petition. Employer opposed the Petitions. On November 6, 2017, WCJ Timm denied and dismissed the Petitions. WCJ Timm specifically found that Claimant's Reinstatement and Review Petitions represented further attempts to relitigate issues previously fully litigated, and which were barred by res judicata and collateral estoppel. WCJ Timm also concluded that the Penalty Petition was frivolous and failed to state a violation for which a penalty may be imposed. Claimant appealed to the Board.

On August 31, 2018, the Board affirmed WCJ Timm's denial and dismissal of Claimant's Reinstatement, Review and Penalty Petitions. The Board notified Claimant that she had 30 days from the August 31, 2018 mailing date (*i.e.*, October 1, 2018)[7] to appeal to this Court. Notwithstanding, Claimant filed her pro se

---

[5] PACFile is a service that provides parties the ability to electronically file documents on both new and existing cases with the Pennsylvania courts.

[6] *See Hughey v. Workers' Comp. Appeal Bd. (Andorra Woods Healthcare Ctr.)* (Pa. Cmwlth. No. 303 C.D. 2017, filed January 31, 2018).

[7] Because the 30th day fell on Sunday, September 30, 2018, Claimant had until Monday, October 1, 2018 to timely appeal. *See* 1 Pa.C.S. § 1908.

petition for review with this Court on October 4, 2018.[8] By October 22, 2018 order, this Court directed the parties to address the timeliness of Claimant's appeal in their principal briefs.

Initially, Pennsylvania Rule of Appellate Procedure (Rule) 1512(a)(1) mandates that "[a] petition for review of a quasi-judicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512. Therefore, Rule 1512(a)(1) affords a claimant 30 days to appeal from a Board decision to this Court. Moreover, "[t]he time limit for a statutory appeal is mandatory; it may not be extended as a matter of grace or indulgence." *Carney v. Unemployment Comp. Bd. of Review*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018). However, untimely appeals have been permitted *nunc pro tunc* "when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the appellant." *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008).

Here, the Board expressly notified Claimant that her appeal was due within 30 days of August 31, 2018. Notwithstanding that notice, and this Court's January 31, 2017 dismissal of Claimant's prior appeal because it was untimely, she waited 33 days (until October 4, 2018) to appeal from the Board's decision to this Court. Moreover, despite this Court's October 22, 2018 order directing the parties to address Claimant's late-filed appeal in their "principal briefs," October 22, 2018

---

[8] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014).

Order, Claimant's only timeliness argument consists of the following statement in her Reply Brief:[9]

> Claimant's [p]etition for [r]eview was timely filed, the [Board's o]pinion stated that within 30 days **after** the mailing of the [Board's] [d]ecision. The [Board's] [d]ecision was dated August 31, 2018, and the date of the [Claimant's] [petition for review] was September 30, 2018;[10] which, is definitely within the quoted time frame. Also, [] Claimant continued to be plague[d] by intentional acts of continual sabotage, cyber attacks, and etc. . . [.] in order[] to prevent the filing of documents!

Claimant Reply Br. at 5. Claimant merely repeats generalized claims that covert tactics, collusion and conspiracy by her counsel,[11] Employer, Employer's counsel, the WCJs, the Board, this Court and the Supreme Court have violated her rights and blocked her efforts at every turn. *See* Claimant Br. at 8. Claimant does not specify in

---

[9] Claimant's Reply Brief is the only place where Claimant mentions the timeliness issue. Claimant is well aware from this Court's January 31, 2018 opinion:

> The opportunity for, and the extent of, a reply brief is limited. The Pennsylvania Rules of Appellate Procedure make clear that an 'appellant may file a brief in reply to matters raised by appellee's brief not previously raised in appellant's brief.' Pa.R.A.P. 2113(a). . . . When an appellant uses a reply brief to . . . remedy deficient discussions in an initial brief, the appellate court may suppress the non-complying portions. Pa.R.A.P. 2101. If the defects in a brief are substantial, appellate courts have the discretion to quash or dismiss the appeal. Pa.R.A.P. 2101; *see Grosskopf v.* [*Workmen's Comp. Appeal Bd.*] *(Kuhns M*[*kt.*]*)*, 657 A.2d 124 (Pa. Cmwlth. 1995) . . . . ; *Commonwealth v. Taylor*, . . . 451 A.2d 1360 ([Pa. Super.] 1982). The onus of complying with the rules of appellate procedure falls entirely on [appellant], who may suffer consequences from committing prejudicial errors.

*Hughey*, slip op. at 3-4 (quoting *Commonwealth v. Fahy*, 737 A.2d 214, 218 n.8 (Pa. 1999)).

[10] Although Claimant dated the petition for review for September 30, 2018, she did not file it with this Court until October 4, 2018. *See* Petition for Review at 5-6.

[11] Claimant has retained and discharged five attorneys over the course of this litigation. *See* Claimant Br. at 8.

6

her briefs to this Court any non-negligent circumstances or fraud or its equivalent that may allow this appeal to proceed *nunc pro tunc*.

Because Claimant failed to appeal from the Board's August 31, 2018 order to this Court on or before October 1, 2018, Claimant's appeal is dismissed as untimely.[12]

---

[12] Based upon this Court's disposition of the timeliness issue, it need not address the merits of Claimant's appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debbie Hughey,                 :
          Petitioner         :
                       :
            v.               :
                       :
Workers' Compensation Appeal     :
Board (Andorra Woods Healthcare Center,   :
ACE American Insurance Company, Esis   :
Northeast WC Claims, Gallagher Bassett   :
Services, Inc., and PA Uninsured        :
Employees Guaranty Fund),         :      No. 1349 C.D. 2018
          Respondents      :

PER CURIAM

# O R D E R

AND NOW, this 27th day of June, 2019, Debbie Hughey's petition for review of the Workers' Compensation Appeal Board's August 31, 2018 order is dismissed as untimely.